### ROSENBERG v. GOODMAN.
### No. 10169.

United States Court of Appeals
Seventh Circuit.
Nov. 17, 1950.

Irving Breakstone, Chicago, Ill., for appellant.

Henry S. Blum, Bernard G. Sang, Vincent J. Carney, Chicago, Ill., for appellees.

Before KERNER, FINNEGAN, and LINDLEY, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff, individually and as administratrix of the estate of Nathan Rosenberg, deceased, brought this action to set aside the transfer to defendants of certain shares of stock made by plaintiff's intestate in his lifetime, on the ground that Rosenberg was insolvent at the time of the transfers and that the transfers were made to defraud creditors.[1]

In substance, the material allegations of the complaint are that Rosenberg died on March 18, 1946, leaving him surviving, plaintiff, his widow and sole heir, and that on March 22, 1946, plaintiff was appointed administratrix of his estate by the County Court of Brown County, Wisconsin; that

---

1. Section 287.43 of the Wis. Stat. provides: "When there shall be a deficiency of assets in the hands of an * * * administrator and the decedent shall have conveyed any property * * *, with intent to defraud his creditors or to avoid any duty, * * * the * * * administrator shall prosecute an action for the recovery of the same, and may recover for the benefit of creditors all property so fraudulently conveyed."

during his lifetime Rosenberg was the owner of common stock of Bay Verte Realty Co., which stock, on April 21, 1945, he transferred to defendants, his nephews and niece, and delivered to them certain certificates of stock evidencing that they were the owners of the stock, and that these transfers were merely colorable, that they were made when Rosenberg was insolvent and with intent to defraud his creditors.

After defendants had filed an answer denying the essential allegations of the complaint, the cause was referred to a master to take testimony and report the same with his findings of fact and conclusions of law. The master admitted in evidence a number of exhibits and took the testimony of six witnesses. He found that plaintiff's claim of a fraudulent transfer of the stock had not been established by the evidence, and recommended the entry of a decree dismissing the suit for want of equity. Objections to the master's report were filed and overruled by the court, and a decree was entered dismissing the complaint for want of equity. To reverse the decree, plaintiff appeals.

■ In the view we take of this case the only question is whether the transfers were fraudulent within the intent and meaning of the statute quoted—that is to say, was Rosenberg insolvent at the time of the transfers, and did he make the transfers to defraud his creditors. The question is one of fact.

■ Here, the record discloses that a claim of the Collector of Internal Revenue for federal income taxes had been allowed for $173,535, and that the amount of all other claims filed against the estate, but not yet allowed, was $190,934. The filing of additional claims against the estate is now barred. See § 313.03, Wis.Stat. Assuming that the claims already filed be allowed, the total amount of the claims and debts of the decedent will amount to $364,469. It is undisputed that the assets of the estate have been appraised at $535,253; that being so, there was no deficiency of assets in the hands of plaintiff as administratrix. Thus there was substantial evidence to sustain the finding that plaintiff had failed to establish that Rosenberg transferred the stock while insolvent to defraud his creditors. In this situation, we are not permitted to reverse. On the contrary, we must affirm the findings. The judgment of the District Court is therefore affirmed.